IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

WENDY MILLER,

    Plaintiff,

v.                                         Case No.: GJH-18-3102

DOLORES BUTLER, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Wendy Miller brings this *pro se* action against Defendants Delores C. Butler, Ed Haraway, Alex Echeandia, Jeremy Marshall, Fifth Third Bank Mortgage, Franklin American Mortgage Company, and Penny Mac in connection with the circumstances surrounding her purchase of the real property at 13047 Marquette Lane, Bowie, Maryland 20715 (the Property).[1] ECF No. 1 at 7. Pending before the Court are Defendants' Motions to Dismiss. ECF Nos. 11, 13, 17, 28, 34, 38, & 47. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because the Complaint is insufficient and does not comply with federal pleading requirements, Defendants' Motions to Dismiss for failure to state a claim, ECF Nos. 11, 13, 17, 28, 34, & 38, will be granted. Further, because Defendant Jeremy Marshall was never served, Defendants' Motion to Dismiss for Failure to Serve, ECF No. 47, will be granted.

---

[1] The Court notes that Orlando Antonio Acosta has purported to file documents on Plaintiff's behalf in this action. ECF No. 23; ECF No. 30. Acosta is not licensed to practice law in Maryland or any state. ECF No. 33-2 ¶¶ 3–4. A non-attorney may not appear as counsel in this Court even if granted power-of-attorney authority by an unrepresented party. *See* Local Rule 10 1.1.a. The Court cautions Acosta that attempting to represent Miller may result in sanctions for the unauthorized practice of law.

1

Under Federal Rule of Civil Procedure 8, a Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(d)(1). Further, to state a claim that survives a Rule 12(b)(6) motion, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80. When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[U]nadorned, the defendant-unlawfully-harmed me accusation[s]" or "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 556 U.S. at 678. Although the Court must accept well-pleaded factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Id.* at 678–79.

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beauciett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

Instead of a concise statement of facts as to the underlying causes of action, Plaintiff's allegations are difficult to understand, contained in various documents attached to the Complaint, and replete with legal statements and conclusions. ECF No. 1; ECF No. 1-3. For example, Plaintiff asserts that she "suffered Intentional and Emotional distress" but does not allege facts to show that she is entitled to relief for an intentional infliction of emotional distress claim. ECF No. 1 at 7. To state a claim for intentional infliction of emotional distress, plaintiffs must allege that a defendant's conduct was intentional or reckless, extreme and outrageous, and causally connected to the suffered severe emotional distress. *Baltimore-Clark v. Kinko's Inc.,* 270 F. Supp. 2d 695, 701 (2003) (citing *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611, 614 (1977). Here, however, Plaintiff does not allege any facts showing that Defendant's conduct was intentional or met the "intentional or reckless" and "extreme and outrageous" thresholds. *See* ECF No. 1. Similarly, she does not allege facts demonstrating how her emotional distress manifested itself or that it was severe. *See id.* Instead, she offers only the naked assertion that she suffered intentional emotional distress. ECF No. 1 at 7.

Similarly, Plaintiff refers to the Truth in Lending Act (TILA), 15 U.S.C. § 1631, *et seq.*, without alleging facts that support that she has been aggrieved under this statute within the relevant statute of limitations period. Claims brought pursuant to TILA must be brought within one year of the date of the occurrence of the violation. 15 U.S.C. § 1640(e). But Plaintiff's Complaint, filed in 2018, only refers to facts dating back to 2009. ECF No. 1 at 7.

Plaintiff also makes reference to a "fraudulent mortgage contract." However, Plaintiff's allegations related to a fraudulent contract amount only to "unadorned, the defendant-unlawfully-harmed me accusations" that are "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Moreover, to sufficiently allege any claim for fraud, the circumstances constituting fraud must "be stated with particularity." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000). Plaintiff's Complaint fails to meet this particularity standard.

Because Plaintiff has failed to provide a short and plain statement of his claims showing that he is entitled to relief, Defendants' Motions to Dismiss for failure to state a claim are granted.

Defendants have also moved to dismiss Defendant Jeremy Marshall because he has not been served. Rule 4(m) provides "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff filed her Complaint on October 9, 2018. ECF No. 1. Defendant Jeremy Marshall has not been served. As a result, Defendants' Motion to Dismiss for Lack of Service is granted.

A separate Order shall issue.

Date: June 7, 2019                                          /s/_____
                                                            GEORGE J. HAZEL
                                                            United States District Judge